# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Magdalina Kalincheva, M.D., | ) |
| Plaintiff, | ) Case No: 3:13-cv-104 |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Jesse Neubarth, | ) |
| Defendant. | ) |

Plaintiff Magdalina Kalincheva, M.D. ("Kalincheva") filed a motion for leave to proceed *in forma paupeirs* (Doc. #1), a supporting affidavit (Doc. #1-1), and a second application to proceed *in forma pauperis* (Doc. #1-2) (hereinafter referred to as "motion to proceed IFP"). In addition to the motion to proceed IFP plaintiff submitted for filing a motion for exemption from payment of the PACER fee (Doc. #1-3), motion for official service of process (Doc. #1-6), a motion requiring that the defendant be served electronically (Doc. #1-9), a motion for a change of venue which appears to have been filed in either the Eastern or Northern District of California (Doc. #1-10), a second motion to change venue (Doc. #1-11), a motion to set aside an illegal divorce (Doc. #1-12), a motion for a writ of possession (Doc. #1-14), a motion to access the electronic case filing system and for the defendant to provide the hardware needed for such access (Doc. #1-15), a second motion for the defendant to provide the necessary hardware to access the electronic filing system and to pay a penalty of one million dollars a day until such items are provided (Doc. #1-16), and a motion to find and import a potential husband (Doc. #1-18).

In this action Kalincheva is attempting to sue her ex-husband Jesse Neubarth. Kalincheva and the defendant were divorced in California in 1992, and Kalincheva is apparently dissatisfied

with the judgment entered in that case. (Doc. #1-12). Kalincheva has not submitted a proposed complaint.[1] Even if her various motions were construed as a complaint, it would not comply with Rule 8(a) of the Federal Rules of Civil Procedure which requires that a pleading contain "a short and plain statement of the ground for the court's jurisdiction" and "a short and plain statement of the claims showing that the pleader is entitled to relief." The court notes the parties are not residents of North Dakota and plaintiff has not alleged any facts involving North Dakota. Even though Kalincheva's submissions contain vague references to federal immigration laws, she has not alleged a private cause of action based on any federal law. Additionally, if the court

---

[1] Kalincheva has filed similar motions in other districts, however, in most of those cases she also submitted complaints. See Kalincheva v. Neubarth, No. 3:13-cv-384 (S.D. Cal. Feb. 21, 2013) (motion to proceed IFP denied because the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure); Kalincheva v. Neubarth, No. 0:14-cv-20 (D. Minn. Feb. 20, 2014) (motion to proceed IFP denied because the complaint failed to state a claim upon which relief could be granted); Kalincheva v. Neubarth, No. 5:13-cv-400 (E.D. Ky. Nov. 26, 2013) (complaint dismissed for failure to state a claim upon which relief can be granted, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and for lack of jurisdiction); Kalincheva v. Neubarth, No. 2:13-cv-231 (W.D. Mich. Jan. 15, 2014) (complaint dismissed for lack of jurisdiction and as frivolous); Kalincheva v. Neubarth, No. 4:13-cv-40110 (D. Mass. Oct. 2, 2013) (complaint dismissed for lack of jurisdiction and plaintiff warned that she would be subject to monetary sanctions if she submitted any additional frivolous or unreasonable pleadings); Kalincheva v. Neubarth, No. 3:13-cv-3212 (N.D. Cal. July 31, 2013) (case transferred to the Eastern District of California where the plaintiff and defendant reside); Kalincheva v. Neubarth, No. 3:13-cv-789 (S.D. Cal. June 5, 2013 (motion to leave to proceed IFP denied because the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief could be granted); Kalincheva v. Neubarth, No. 3:13-cv-3294 (N.D. Cal. Aug. 13, 2013) (case transferred to the Eastern District of California where the plaintiff and defendant reside); Kalincheva v. Neubarth, No. 5:13-cv-963 (W.D. Okla. Sept. 27, 2013) (case dismissed for lack of jurisdiction and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure); Kalincheva v. Neubarth, No. 2:13-cv-416 (N.D. Ind. Nov. 21, 2013) (motion to proceed IFP denied and case dismissed for lack of jurisdiction); Kalincheva v. Neubarth, No. 3:13-cv-1046 (S.D. Cal. filed May 1, 2013) (case pending and plaintiff notified that she failed to comply with the local rules); Kalincheva v. Neubarth, No. 2:13-cv-1601 (E.D. Cal. Feb. 21, 2014) (motion to proceed IFP denied and complaint dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and based on res judicata).

were to construe Kalincheva's motions as a complaint it would be the complete opposite of a short and plain statement, and it would fail to state a claim upon which relief could be granted.

It is **RECOMMENDED** that the motion to proceed IFP be **DENIED** and the action be **DISMISSED**. It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 5th day of March, 2014.

    /s/ *Karen K. Klein*
    Karen K. Klein
    United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT

Pursuant to Local Court Civil Rule 72.1(D)(3), any party may file written objections to this Report and Recommendation by **March 21, 2014**. Failure to file objections may result in the recommended action being taken.